UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMANDA PENNUCCI-ANDERSON | CIVIL ACTION |
| VERSUS | NO. 19-271 |
| OCHSNER HEALTH SYSTEM | MAG. JUDGE WILKINSON |

## ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:  Defendant's Motion for Partial Dismissal, Record Doc. No. 18

O R D E R E D:

XXX : DISMISSED AS MOOT. Plaintiff's response to the motion reflects that she has been permitted to file a Second Amended Complaint, Record Doc. No. 24, which voluntarily deletes from her lawsuit the claims challenged by defendant's motion. Specifically, her Second Amended Complaint has removed any reference to or cause of action under either 42 U.S.C. § 1981 or the Americans With Disabilities Act and any claims for retaliation and hostile work environment. "Plaintiff does not object to the deletion [from this case] of her claims for disability discrimination, retaliation and hostile work environment." Record Doc. No. 24 at p. 1. Indeed, the only causes of action asserted in the Second Amended Complaint are a Title VII gender discrimination claim (Count I) and a pregnancy discrimination claim under the Pregnancy Discrimination Act (Count II) alleging that she was terminated from her employment by defendant, not for any legitimate non-discriminatory reason, but because of her gender and pregnancy. Id. at pp. 5, 7–9, ¶¶ 32, 42-53.

"[A]n amended complaint supersedes and replaces an original complaint, unless the amendment specifically refers to or adopts the earlier pleading." McDonald v. Chief of Police Etc., C.A. No. 17-20620, 2019 WL 3057666, at *2 (5th Cir. July 11, 2019)(citing Eubanks v. Parker Cty. Comm'rs Court, 1995 WL 10513, at *2 (5th Cir. Jan. 3, 1995)); accord King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case." Bodenheimer v. Williams, C.A. No. 14-740, Record Doc. No. 44 at p. 2, (E.D. La. July 23, 2015) (Duval, J.)(quoting Thomas v. Miramar Lakes Homeowners Ass'n, 2014 WL 3897809, at *4–5 (S.D. Tex. Aug. 6, 2014)).

Plaintiff's Second Amended Complaint has eliminated from this lawsuit all claims challenged by the above-referenced motion. The latest amendment stands alone and in no way adopts or refers to her prior pleadings. Plaintiff's written response to the motion confirms the deletion of the challenged claims. Only the two causes of action asserted in the Second Amended Complaint remain for adjudication. Neither is addressed in the above-referenced motion. Under these circumstances, the motion is moot. <u>Bodenheimer</u>, <u>id</u>. at pp. 2–3.

New Orleans, Louisiana, this \_\_\_\_15th\_\_\_\_ day of July, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE